IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTRA-NATIONAL HOME CARE, LLC, and AMERICARE HOME HEALTHCARE SERVICES, LLC, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1545 |
| | ) | |
| UNITED STATES DEPARTMENT OF LABOR, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AGEWELL HOME HELPERS, INC. d/b/a AGEWELL CAREGIVER SERVICE, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1773 |
| | ) | |
| UNITED STATES DEPARTMENT OF LABOR, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Presently before the Court is Plaintiffs' Motion to Consolidate (Docket No. 59) the above-captioned consolidated case (the "Consolidated Case"), which is assigned to this member of the Court, with a case that is currently assigned to the Honorable David S. Cercone, *Walsh v. Intra-National Home Care, LLC*, Civil Action No. 21-1391 (W.D. Pa.) ("Civil Action No. 21-1391"). Upon a careful review of Plaintiffs' motion and the parties' legal memoranda filed in support thereof and in opposition thereto (Docket Nos. 60, 62, 65), the motion is denied.

Plaintiffs in the Consolidated Case originally filed their declaratory judgment actions seeking pre-enforcement declarations that 29 C.F.R. § 552.109 is invalid and unenforceable. Their actions were consolidated on December 11, 2020. (Docket No. 12). After consolidation, Plaintiffs filed an Amended Complaint (Docket No. 25), and Defendants (collectively, the "Department of Labor" or the "DOL") filed a Renewed Motion to Dismiss (Docket No. 30). The Court held oral argument on November 18, 2021 (Docket Nos. 58, 63), after the parties had submitted legal memoranda. (Docket Nos. 30-1, 33, 38, 45).

Separate and apart from the Consolidated Case are three enforcement actions that the DOL explains that it has filed against each Consolidated Case Plaintiff, two of which are pending in this district and a third which is pending in the Southern District of Ohio:

- On January 26, 2021, the DOL filed an enforcement action against Agewell Home Helpers, Inc. and its owners in this district at Civil Action No. 21-108 (W.D. Pa.). The Civil Cover Sheet filed with the Complaint in that action did not reference any related cases. (Civil Action No. 21-108, Docket No. 1-2). That case is assigned to Judge Cercone. Discovery is set to end on May 31, 2022. (Civil Action No. 21-108, Docket No. 31). Plaintiffs are not seeking to consolidate that case.

- On October 15, 2021, the DOL filed an enforcement action against Intra-National Home Care, LLC and its CEO, Dilli Adhikari, in this district at Civil Action No. 21-1391 (W.D. Pa.). The Civil Cover Sheet filed with the Complaint in that action did not reference any related cases. (Civil Action No. 21-1391, Docket No. 1-1). Civil Action No. 21-1391 is also assigned to Judge Cercone. Plaintiffs now seek to consolidate Civil Action No. 21-1391 with the Consolidated Case.

- On October 19, 2021, the DOL filed an enforcement action against American Healthcare Services, Inc. in the Southern District of Ohio at Civil Action No. 21-5076 (S.D. Ohio). Plaintiffs are not seeking to consolidate that case.

(Docket No. 62 at 4-5).

Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions that involve a common question of law or fact.  *See* Fed. R. Civ. P. 42(a).  In doing so, a court may fully consolidate the actions, join for hearing or trial any or all matters at issue in the actions, or issue any other orders to avoid unnecessary cost or delay.  *See* Fed. R. Civ. P. 42(a)(1)-(3).  A court has broad discretion when determining whether consolidation is appropriate.  *See Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005).

The plain text of Rule 42 makes clear that a court may consolidate actions that are before it.  *See* Fed. R. Civ. P. 42.  Plaintiffs, however, seek here to have Civil Action No. 21-1391 (which is assigned to Judge Cercone, who has charge of that case) be consolidated by this member of the Court (who is not assigned to, and does not have charge of, that case).  Because this member of the Court does not have charge of Civil Action No. 21-1391, this member of the Court cannot grant Plaintiffs' motion.  However, Local Rule 40 provides helpful guidance regarding the assignment and transfer of civil actions among judicial officers within this district.  *See* LCvR 40.

Specifically, with regard to "Assignment of Related Actions," Local Rule 40.E.2 provides:

> If the fact of relatedness is not indicated on the appropriate form at time of filing, after a case is assigned, the assigned Judge may transfer the later-filed case to the Judge who is assigned the lower-numbered related case, (i) *sua sponte*, (ii) upon motion of a party, and/or (iii) upon suggestion of any other Judge in this Court, if the Judge assigned the later-filed case(s) determines that the cases are related or the transfer would promote the convenience of the parties or witnesses or the just and efficient conduct of the action.

LCvR 40.E.2.  Here, the appropriate form in Civil Action No. 21-1391, *i.e.*, that case's Civil Cover Sheet, does not identify any related cases.  The fact that the Consolidated Case is not listed as a related case is not unexpected because Civil Action No. 21-1391 and the Consolidated Case seemingly do not involve the same issues of fact or grow out of the same transaction.  *See* LCvR 40.D.2 ("civil actions are deemed related when an action filed relates to property included in another action, or involves the same issue of fact, or it grows out of the same transaction as another action, or involves the validity or infringement of a patent involved in another action").[1]  Rather, seemingly the sole commonality among the Consolidated Case and Civil Action 21-1391 is a legal issue, namely, the validity and enforceability *vel non* of the DOL regulation at 29 C.F.R. § 552.109.

Also, as discussed, *supra*, Plaintiffs have not filed a motion to transfer Civil Action No. 21-1391 with Judge Cercone, who has charge of that case, but instead filed a motion to consolidate Civil Action No. 21-1391 with this member of the Court, who does not have charge of that case. However, in accordance with Local Rule 40.E.2, Judge Cercone may still transfer Civil Action No. 21-1391 to this member of the Court *sua sponte*, upon motion of a party properly filed before him on the docket at Civil Action No. 21-1391, or upon suggestion of any other Judge of this district, if Judge Cercone finds that the cases are related or determines that the transfer would promote the convenience of the parties or witnesses or the just and efficient conduct of the action.

For the foregoing reasons, Plaintiffs' motion to consolidate is denied.  Nevertheless, even though it is misdirected, Plaintiffs' motion contends that Civil Action No. 21-1391 and the Consolidated Case involve a common question of law and that having two different members of

---

[1]     Plaintiffs contend that both cases share a common factual background involving third-party agencies that process service and payroll documents for direct care workers who in turn provide companionship and/or live-in care services to eligible individuals.  (Docket No. 60 at 6). However, such common factual background does not establish relatedness because each of the enforcement actions involve underlying wage-hour claims specifically pertaining to hundreds of their respective employees.

the Court decide this same legal question in parallel could place a substantial and entirely unnecessary burden on the Court and the parties.  (Docket No. 60 at 7).  However, while Intra-National Home Care, LLC *may* assert a legal defense in Civil Action No. 21-1391 that *could* mirror Intra-National Home Care, LLC's legal challenge in the Consolidated Case to the validity of 29 C.F.R. § 552.109 as a bar to the companionship care and live-in care exceptions to the overtime requirements of the Fair Labor Standards Act ("FLSA"), Intra-National Home Care, LLC did not assert that threshold legal defense in its motion to dismiss in Civil Action No. 21-1391.  Rather, Intra-National Home Care, LLC merely made a passing reference to that legal issue (by referring to the pending motion in the Consolidated Case) and instead seeks to dismiss the complaint in Civil Action No. 21-1391 by asserting pleading deficiencies pursuant to Fed. R. Civ. P.  8(a)(2). (Civil Action No. 21-1391, Docket No. 18 at 1, 9 n.1 (Defendants' Memorandum in Support of their Motion to Dismiss under Federal Rule of Civil Procedure 12 (b)(6))).  Moreover, the parties in Civil Action No. 21-1391 have participated in a case management conference and presently are engaged in discovery in that case in accordance with Judge Cercone's Case Management Order recently entered on March 24, 2022. (Civil Action No. 21-1391, Docket Nos. 24, 25).

At this juncture, the pending motions in these separate cases do not evince a predominant common legal question necessitating consolidation or coordination for the convenience of the parties or the just and efficient conduct of the action as contemplated by Local Rule 40.E.2. Accordingly, this member of the Court does not suggest that the intra-district transfer of Civil Action No. 21-1391 to this member of the Court for consolidation or coordination with the Consolidated Case, at least at this juncture, would promote the just and efficient conduct of both actions in accordance with Local Rule 40.E.

An appropriate Order will follow.

5

/s/ *W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated: April 8, 2022

cc/ecf: All counsel of record