IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INTRA-NATIONAL HOME CARE, LLC, and AMERICARE HOME HEALTHCARE SERVICES, LLC,

Plaintiffs,

v. Civil Action No. 20-1545

UNITED STATES DEPARTMENT OF LABOR, et al.,

Defendants.

AGEWELL HOME HELPERS, INC. d/b/a AGEWELL CAREGIVER SERVICE,

Plaintiff,

v. Civil Action No. 20-1773

UNITED STATES DEPARTMENT OF LABOR, et al.,

Defendants.

**MEMORANDUM OPINION**

These consolidated cases[1] involve claims brought by Plaintiffs Intra-National Home Care, LLC, Americare Home Healthcare Services, LLC, and Agewell Home Helpers, Inc., d/b/a Agewell Caregiver Service, against Defendants United States Department of Labor, Martin J. Walsh, Secretary of Labor, and Jessica Looman, Principal Deputy Administrator of the Wage and Hour

[1] On December 9, 2020, Defendants filed an unopposed motion to Consolidate *Agewell Home Helpers, Inc. v. DOL*, No. 20-1773 (W.D. Pa.), with *Intra-National Home Care, LLC v. DOL*, No. 20-1545 (W.D. Pa.). (Docket No. 11). On December 11, 2020, the Court issued an Order granting Defendants' motion and consolidating the cases. (Docket No. 12).

Division (collectively, the "DOL").[2] Plaintiffs allege at Count One of the consolidated Amended Complaint for Declaratory and Injunctive Relief ("Consolidated Amended Complaint") that the DOL's regulation codified at 29 C.F.R. § 552.109 conflicts with the text of the Fair Labor Standards Act ("FLSA") and otherwise is contrary to law. (Docket No. 25, ¶¶ 156-60). At Count Two, Plaintiffs allege that the DOL did not provide adequate justification or explanation when promulgating the current version of 29 C.F.R. § 552.109, thus rendering it arbitrary and capricious. (Docket No. 25, ¶¶ 161-67). Plaintiffs also asserted additional claims at Counts Three and Four, but they voluntarily dismissed those claims pursuant to a Stipulation filed on May 18, 2021. (Docket No. 34).

Presently before the Court is Defendants' Renewed Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Memorandum in Support (Docket Nos. 30, 33), Plaintiffs' Memorandum in Opposition (Docket No. 38), and Defendants' Reply (Docket No. 45). The Court heard oral argument on November 18, 2021. (Docket Nos. 58, 63). Defendants' motion is ripe for decision.

## I. Background[3]

As set forth in the Consolidated Amended Complaint, the FLSA, 29 U.S.C. §§ 201 *et seq.*, generally requires covered employers to pay non-exempt employees a minimum wage and overtime pay. (Docket No. 25, ¶¶ 58, 59). In 1974, Congress amended the FLSA to extend its minimum wage and overtime provisions to employees in "domestic service." *See Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 162 (2007) (citing Fair Labor Standards Amendments

---

[2] These actions were initially filed against then-Secretary of Labor Eugene Scalia and then-Wage and Hour Division Administrator Cheryl Stanton. (Docket No. 1, ¶¶ 2, 4).

[3] At this stage of the case, the factual allegations set forth in the Consolidated Amended Complaint must be taken as true and viewed in the light most favorable to Plaintiffs.

of 1974 ("1974 Amendments"), Pub. L. No. 93-259, §§ 7(b)(1), (2), 88 Stat. 55, 62 (adding 29 U.S.C. §§ 206(f), 207(l))). At the same time, Congress also exempted defined categories of domestic service workers from certain of its provisions, including companionship and live-in domestic service workers. (Docket No. 25, ¶¶ 60-63); *see also Long Island Care at Home*, 551 U.S. at 162 (citing 1974 Amendments, § 7(b)(3), 88 Stat. 55, 62 (codified at 29 U.S.C. § 213(a)(15)); 29 U.S.C. § 213(a)(15) (the "Companionship Exemption") and 29 U.S.C. § 213(b)(21) (the "Live-in Exemption"). The 1974 Amendments also included a grant of rulemaking authority empowering the Secretary of Labor to "prescribe necessary rules, regulations, and orders with regard to the amendments made by this Act." 1974 Amendments, § 29(b), 88 Stat. 55, 76; *see Long Island Care at Home*, 551 U.S. at 165.

In 1975, shortly after Congress enacted the Companionship and Live-In Exemptions, the DOL promulgated a regulation permitting individuals employed by third-party agencies to be covered by these statutory exemptions. (Docket No. 25, ¶¶ 64-67 (citing 29 C.F.R. § 552.109(a) (prior to Jan. 1, 2015))). Plaintiffs contend that from 1975 to 2015, third-party agencies relied upon the DOL's Companionship and Live-In Exemptions when establishing their operations and pay practices, especially regarding direct care workers paid pursuant to the Medicaid Waiver Program. (Docket No. 25, ¶¶ 12, 71, 73). In 2007, the United States Supreme Court upheld the Companionship Exemption and its application to third-party agencies in *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158 (2007). (Docket No. 25, ¶ 69). However, after several unsuccessful attempts to change this regulation in 1993, 1995, and 2001, the DOL did revise 29 C.F.R. § 552.109 to eliminate the ability of third-party agencies to avail themselves of these exemptions. (Docket No. 25, ¶ 74); *see Home Care Ass'n of America v. Weil*, 799 F.3d 1084, 1088-89 (D.C. Cir. 2015). The DOL published this revised regulation in the Federal Register on

October 1, 2013, and it became effective on January 1, 2015. (Docket No. 25, ¶¶ 13, 79 (citing Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. 60454, 60455 (Oct. 1, 2013); 29 C.F.R. § 522.109 (2015)); *see Home Care Ass'n of America*, 799 F.3d at 1088-89.

Plaintiffs are third-party agencies which employ or otherwise process service and payroll documents for direct care workers who mostly provide in-home companionship and assistance services to elderly and disabled family or household members of low-income families in Pennsylvania, Ohio, Michigan, and Iowa through the Medicare Waiver Program. (Docket No. 25, ¶¶ 1-2, 9). As described by Plaintiffs:

> Under the Medicaid Waiver Program, the federal government waives medical assistance rules intended for institutional care and allows States to use Medicaid reimbursement funds to provide care to elderly and disabled persons in their homes. State agencies administer the Medicaid Waiver Program by contracting with private intermediary entities, which determine the recipients' eligibility, create individual service plans, and approve Providers of in-home services. The Providers, which include third-party agencies such as Plaintiffs, then engage, coordinate training, and complete payroll services for the Direct Care Workers. The third party agencies receive Medicaid reimbursement funds from which the agencies pay the Direct Care Workers' wages, administrative costs, and FICA taxes.

(*Id.* ¶ 10).

As a consequence of the DOL's revisions to 29 C.F.R. § 552.109 that became effective in 2015, Plaintiffs restructured the rates of pay applicable to their direct care workers to allow for overtime pay within the financial constraints of the Medicaid Waiver Program. (Docket No. 25, ¶ 100). The DOL deems this restructured arrangement to be a "serious violation" of the FLSA. (*Id.* ¶ 101). Plaintiffs contend that the DOL's decision to no longer permit them to avail themselves of the Companionship and Live-In Exemptions places a "crippling financial burden upon them" and "threatens their ability to continue to serve elderly and disabled care recipients." (*Id.* ¶ 109).

Plaintiffs now challenge the validity of the current version of 29 C.F.R. § 552.109. While

acknowledging that a group of trade associations representing home care agencies unsuccessfully challenged 29 C.F.R. § 552.109 under the Administrative Procedure Act ("APA") in 2014, *see Home Care Ass'n. of America*, 799 F.3d 1084, Plaintiffs renew this challenge here in reliance on new Supreme Court authority that directs courts to interpret FLSA exemptions more broadly, pursuant to a "fair" rather than a narrow reading, *see Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018). (Docket No. 25, ¶¶ 84-89, 111-22 (discussing both cases)).

In furtherance of their challenges to the validity of 29 C.F.R. § 552.109, Plaintiffs' Consolidated Amended Complaint initially sought a declaration that Plaintiffs' direct care workers are exempt from the FLSA's minimum wage and overtime requirements, an order enjoining the DOL from pursuing claims against them for back wages on behalf of those direct care workers, and a declaration that the States and privately owned Medicaid healthcare plans are joint employers of the direct care workers. (Docket No. 25, ¶¶ 6, 8). After the DOL filed its Renewed Motion to Dismiss Plaintiffs' claims in their entirety, Plaintiffs withdrew certain claims asserting that they were not the employers of the direct care workers, or, alternatively, that they, the States, and other private companies were joint employers of those direct care workers. (Docket No. 34). Plaintiffs also narrowed their remaining claims by no longer seeking to enjoin the DOL from investigating them. (Docket No. 38 at 14-15).

Separate and apart from this case are three enforcement actions that the DOL has commenced against Plaintiffs, two of which are pending in this district and a third which is pending in the Southern District of Ohio:

- On January 26, 2021, the DOL filed an enforcement action against Agewell Home Helpers, Inc. and its owners in this district at Civil Action No. 21-108 (W.D. Pa.).

- On October 15, 2021, the DOL filed an enforcement action against Intra-National Home Care, LLC and its CEO, Dilli Adhikari, in this district at Civil Action No. 21-1391 (W.D. Pa.).
- On October 19, 2021, the DOL filed an enforcement action against American Healthcare Services, Inc. in the Southern District of Ohio at Civil Action No. 21-5076 (S.D. Ohio).

(Docket No. 62 at 4-5).[4]

In the case before this Court, the DOL seeks to dismiss Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for being filed after the expiration of the applicable six-year statute of limitations pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Standards of Review

### A. Rule 12(b)(1) of the Federal Rules of Civil Procedure

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the "court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). There is a crucial difference between a Rule 12(b)(1) motion that attacks a complaint on its face, and a Rule 12(b)(1) motion that attacks the existence of subject matter jurisdiction in fact – apart from any pleadings. *See Mortensen*, 549 F.2d at 891. With a facial attack, a court must consider the allegations of a complaint as true, as with a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6), discussed *infra*. *See id.* With a factual attack, however, the Court ordinarily is not required to limit its inquiry to the facts as they are pled

[4] On January 9, 2022, Plaintiffs sought to consolidate the case at bar with the DOL's enforcement action against Intra-National Home Care, LLC and its CEO, Dilli Adhikari (Civil Action No. 21-1391), which this Court denied. (Docket Nos. 68, 69).

in the complaint because a presumption of truth is not attached to the plaintiff's allegations, and the plaintiff bears the burden of proving that jurisdiction over the subject matter at issue exists. *See id.*; *see also Brown v. Tucci*, 960 F. Supp. 2d 544, 561-62 (W.D. Pa. 2013) (citing *Dev. Fin. Corp. v. Alpha Hous. & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)).

**B. <u>Rule 12(b)(6) of the Federal Rules of Civil Procedure</u>**

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (additional internal citation omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)).

## III. Discussion

### A. The Court Has Subject Matter Jurisdiction.

Plaintiffs seek to implicate this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201(a), as well as pursuant to the judicial review provisions of the APA. (Docket No. 25, ¶ 21). The DOL initially contended that Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), arguing that none of the statutes upon which Plaintiffs rely contain or incorporate a waiver of sovereign immunity.[5] While the parties initially disagreed and extensively briefed their respective positions as to whether this Court has subject matter jurisdiction over Plaintiffs' claims, their disagreement has melted away upon Plaintiffs' voluntary dismissal of Counts Three and Four of the Consolidated Amended Complaint and Plaintiffs' concession that they are only seeking declaratory and non-monetary relief and not seeking to enjoin the DOL from investigating or instituting enforcement suits against them. (Docket Nos. 34, 38 at 13-17). All that remains are Plaintiffs' pre-enforcement facial challenges

---

[5] As stated by the United States Court of Appeals for the Third Circuit, "absent congressional authorization through an unequivocal statutory waiver it is 'unquestioned' that the federal government retains sovereign immunity." *Gentile v. SEC*, 974 F.3d 311, 315 (3d Cir. 2020) (quoting *Alden v. Maine*, 527 U.S. 706, 749 (1999)); *Republic of Austria v. Altmann*, 541 U.S. 677, 700 (2004) (noting that "a claim of sovereign immunity . . . raises a jurisdictional defense").

to the validity of 29 C.F.R. § 552.109 pursuant to the APA, 5 U.S.C. § 706(2)(A). Indeed, at Count One, Plaintiffs contend that 29 C.F.R. § 552.109 conflicts with the text of the FLSA and otherwise is contrary to law; at Count Two, Plaintiffs contend that the DOL did not provide adequate justification or explanation when promulgating the current version of 29 C.F.R. § 552.109, thus rendering it arbitrary and capricious. (Docket No. 25, ¶¶ 158, 165). The parties no longer controvert this Court's subject matter jurisdiction now that the scope of Plaintiffs' claims has narrowed. Accordingly, the Court maintains subject matter jurisdiction here.

**B. Plaintiffs' Pre-Enforcement Facial Challenges to 29 C.F.R. § 552.109 Are Untimely.**

The DOL argues that Plaintiffs' pre-enforcement facial challenges to the validity of 29 C.F.R. § 552.109 should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because they are untimely under the relevant six-year statute of limitations applicable to the APA. *See* 28 U.S.C. § 2401(a) (stating, in relevant part, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues"); *Pa. Dept. of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 944-45 (3d Cir. 1996) (applying the six-year statute of limitations to civil actions filed pursuant to the APA); *see also Nat'l. Ass'n. of Mfrs. v. Dep't. of Def.*, 138 S. Ct. 617, 626-27 (2018) (same). The DOL further contends that all such challenges to the current version of 29 C.F.R. § 552.109 must have been made on or before October 1, 2019, which was six years after the DOL took final agency action by promulgating this regulation on October 1, 2013. *See Application of the Fair Labor Standards Act to Domestic Service*, 78 Fed. Reg. 60454 (Oct. 1, 2013); *see also Custin v. Wirths*, Civ. No. 12-910 (KM), 2014 WL 356254, at *9 (D.N.J. Jan. 31, 2014) (citing *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997), stating that the limitations period for facial challenges begins to run when the

agency publishes the regulation in the Federal Register). Finally, the DOL asserts that Plaintiffs' claims are untimely because the instant action was filed more than a year after the six-year limitations period expired. Plaintiffs disagree, contending, first, that their challenges to 29 C.F.R. § 552.109 are not subject to the six-year statute of limitations set forth in 28 U.S.C. § 2401 and are thus timely pursuant to the doctrine of laches; and second, that their challenges are nonetheless timely even if the six-year statute of limitations set forth in 28 U.S.C. § 2401 is applicable. The Court disagrees with both of Plaintiffs' arguments.

Plaintiffs assert that the APA itself does not contain a limitations period, and that the six-year limitations period in 28 U.S.C. § 2401 is not applicable to its APA-based challenges to 29 C.F.R. § 552.109 because they seek to "'enforce rights cognizable only in equity,'" citing *Saffron v. Dep't of the Navy*, 561 F.2d 938, 943 (D.C. Cir. 1977) (quoting *Russell v. Todd*, 309 U.S. 280, 291 (1940)); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677-78 (2014); *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967); *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946); and *Petrowicz v. Holland*, 142 F. Supp. 369, 374 (E.D.Pa. 1956). (Docket No. 38 at 19-20). Instead, Plaintiffs argue that the timeliness of their claims should be evaluated pursuant to the doctrine of laches and deemed timely thereunder.[6]

[6] "Laches is a defense developed by courts of equity to protect defendants against unreasonable, prejudicial delay in commencing suit." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*, 137 S. Ct. 954, 960 (2017) (internal quotation marks and citation omitted). Plaintiffs misapply laches here by errantly attempting to use it as a sword to evade the applicable statute of limitations to advance otherwise untimely claims when the purpose of this equitable doctrine is to serve as a shield to defend against prejudicially stale claims. The Court recognizes the nuance raised here, namely, that Plaintiffs' Consolidated Amended Complaint preemptively attempts to assert defenses to the DOL's enforcement actions challenging the validity of 29 C.F.R. § 552.109. Regardless, even if laches could be deployed affirmatively as Plaintiffs attempt to do here, they have not demonstrated that their delay in commencing these actions was excusable and that such delay did not prejudice the DOL. *See Santana Prods. Inc. v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123, 138 (3d Cir. 2005) (holding that whenever the applicable statute of limitations has expired, it is plaintiff's burden to rebut the presumption of inexcusable delay in commencing suit *and* prejudice to the defendant because of the delay).

Plaintiffs' argument relies on an incorrectly expansive reading of *Abbott Laboratories* that, by permitting the application of laches in an APA pre-enforcement review case, the Supreme Court, by necessary implication, forestalls the application of the six-year statute of limitations in 28 U.S.C. § 2401 to such cases. However, the Court finds nothing in *Abbott Laboratories* that would nullify controlling authority that applies the six-year statute of limitations of 28 U.S.C. § 2401 to facial challenges to an agency regulation pursuant to the APA. *See Nat'l. Ass'n. of Mfrs.*, 138 S. Ct. at 626-27; *Pa. Dept. of Pub. Welfare*, 101 F.3d at 944-45; *Paucar v. Att'y Gen. of the U.S.*, 545 Fed. Appx. 121, 124 (3d Cir. 2013) ("It is well established that the six-year statute of limitations applies to claims brought pursuant to the APA.").

Plaintiffs alternatively contend that their claims are timely even if the six-year statute of limitations were to apply. Plaintiffs argue that their pre-enforcement facial challenge to 29 C.F.R. § 552.109 first "accrues" pursuant to 28 U.S.C. § 2401 when they "can file suit and obtain relief," *Petrella*, 572 U.S. at 670 (internal citation omitted), and that Plaintiffs Americare and Agewell could not have filed suit and obtained relief until they came into being in 2015 and 2016,[7] respectively. (Docket No. 38 at 23). Plaintiff Intra-National came into existence in 2013[8] and therefore did exist prior to the DOL's promulgation of 29 C.F.R. § 552.109, so Plaintiffs contend that its claims nonetheless are timely because each alleged violation of that regulation results in "a new potential liability" on each successive payday. (Docket No. 38 at 24-25).

Plaintiffs' attempt to reset the statutory limitations period, at any time a regulated entity comes into being or is otherwise subject to ongoing enforcement, conflates facial and as-applied challenges to administrative regulations. Plaintiffs identify no controlling authority to support

---

7 *See* Docket No. 25, ¶¶ 29, 38.

8 *See* Docket No. 25, ¶ 29.

these novel arguments, which, if adopted, would vitiate the statute of limitations here.[9] To the contrary, the United States Court of Appeals for the Third Circuit long ago determined that the six-year limitations period applicable to facial challenges to a regulation under the APA begins to run upon promulgation of the regulation being challenged. *See Pa. Dept. of Pub. Welfare*, 101 F.3d at 944-945; *see also Custin*, 2014 WL 356254, at *9 (explaining that "the right of action first accrue[s] in the context of a facial challenge to a regulation" at the time "when the agency publishes the regulation in the Federal Register" (internal quotation marks and citations omitted)).

The final agency action at issue in this case occurred when the DOL promulgated the current version of 29 C.F.R. § 552.109 by publishing it in the Federal Register on October 1, 2013. *See Application of the Fair Labor Standards Act to Domestic Service*, 78 Fed. Reg. 60454 (Oct. 1, 2013). Plaintiffs filed their initial complaints in these consolidated cases on October 9, 2020 and November 13, 2020, respectively. Plaintiffs' pre-enforcement facial challenges to 29 C.F.R. § 552.109 were filed after the six-year limitations period in 28 U.S.C. § 2401 had expired and are therefore time-barred.

In granting the DOL's Rule 12(b)(6) motion to dismiss Plaintiffs' facial challenges to the validity of 29 C.F.R. § 552.109 as untimely pursuant to 28 U.S.C. § 2401, this Court renders no opinion as to the substantive merits of Plaintiffs' claims that this DOL regulation conflicts with

---

[9] Plaintiffs do not seek refuge under the doctrine of equitable tolling, and the Court finds no justification in the record to apply equitable tolling here. The Third Circuit has identified the following "three principal situations in which equitable tolling is appropriate": (1) if a defendant has actively misled a plaintiff which causes non-compliance with an applicable limitations provision; (2) if a plaintiff has in some extraordinary way been prevented from asserting a right; or (3) if a plaintiff has timely asserted a right mistakenly in the wrong forum. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005); *see also Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845 (3d Cir. 1992). However, "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). Moreover, Plaintiffs will not receive the benefit of equitable tolling unless due diligence is exercised in pursing and preserving their claims. *See Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)). Plaintiffs bear the burden of proving the application of such tolling. *See Courtney v. LaSalle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997). Plaintiffs have not attempted to meet this burden, and the record is devoid of any indication that the burden could be satisfied.

the text of the FLSA as enacted by Congress, or that it was otherwise promulgated arbitrarily and capriciously. Any such as-applied challenges to 29 C.F.R. § 552.109 may be asserted by Plaintiffs as a defense to their currently pending enforcement actions to the extent it is otherwise permitted by law and applicable rules of court.

## IV. Conclusion

For the reasons stated, Defendants' motion is granted, and Plaintiffs' claims are dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

An appropriate Order follows.

/s/ *W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated: July 20, 2022

cc/ecf: All counsel of record