IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTRA-NATIONAL HOME CARE, LLC, and AMERICARE HOME HEALTHCARE SERVICES, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF LABOR, et al.,<br><br>*Defendants*. | No. 2:20-cv-01545-WSH<br><br>**Oral Hearing Requested** |
| AGEWELL HOME HELPERS, Inc.,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF LABOR, et al.,<br><br>*Defendants*. | No. 2:20-cv-01773-WSH |

**BRIEF SHOWING CAUSE WHY THIS COURT SHOULD RESOLVE THIS CASE**

There are four reasons why this Court should resolve this case challenging the validity of the Department of Labor's 2013 Homecare Rule. *First*, because Plaintiffs filed this case before the Department of Labor ("DOL") filed any of the parallel cases, the first-filed rule directs that this Court be the one to decide the merits, and nothing in the opinion of the Court of Appeals suggests that the normal rules governing this Court's discretion do not apply. *Second*, DOL's counsel conceded at oral argument that their subsequent filing of parallel enforcement cases "means nothing for this case," so those cases give this Court no reason not to resolve this one, and DOL has waived any argument to the contrary. Plaintiffs spent

1

considerable resources litigating the appeal based upon DOL's concession after DOL opposed consolidating the cases. *Third*, dismissing this case would not benefit judicial economy because the parallel cases have not proceeded to the merits question they share with this case. Indeed, the issue has not yet been briefed for summary judgment, and Plaintiffs are ready to move expeditiously for summary judgment in this case. *Fourth* and finally, dismissing this case would effectively deprive Plaintiffs of their right to appeal an adverse ruling on their merits arguments that the 2013 Rule is invalid because each Plaintiff would almost certainly be bankrupted by the bond necessary to stay enforcement of a money judgment that would result from an unfavorable outcome in the enforcement action pending against it.

Although law, fairness, and judicial economy all counsel this Court to decide this case, Plaintiffs' overriding interest here is to preserve their right to appeal the merits question. Plaintiffs would therefore readily consent to dismissal of this case if DOL could guarantee them an opportunity to appeal any adverse decision on the 2013 Rule's validity, perhaps by waiving the bond requirement to stay enforcement of any money judgment pending appeal. If DOL cannot guarantee Plaintiffs' opportunity to appeal an adverse judgment, then Plaintiffs should be allowed to proceed on the merits here, and this Court should perform its "virtually unflagging obligation … to exercise the jurisdiction given" to it by resolving this first-filed case. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

## BACKGROUND

Plaintiffs filed this lawsuit in 2020 shortly after they learned that DOL was investigating them for potential overtime violations based on the 2013 Rule that Plaintiffs challenge here. Circuit Ct. Op. at 4, ECF No. 80-2. Many months later, DOL then initiated enforcement actions against each Plaintiff seeking tens of millions of dollars in damages.

2

Plaintiffs amended their Complaint in light of these developments, and DOL moved to dismiss Plaintiffs' suit as untimely. *Id.* at 5. This Court granted DOL's motion and dismissed. Plaintiffs appealed, and the Third Circuit reversed, remanding the case for further proceedings consistent with its opinion and the Supreme Court's intervening decision in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 603 U.S. \_\_\_, 144 S. Ct. 2440 (2024). *Id.* at 3, 8. The Court of Appeals also noted in passing that, "because the enforcement proceedings are pending in another court, the District Court *need not necessarily* hear it. 'A court may even in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere.'" *Id.* at 8 (quoting *Abbott Lab'ys* ("*Abbot Labs*") *v. Gardner*, 387 U.S. 136, 155 (1967)).

## ARGUMENT

Plaintiffs filed their suit first for a reason. Dismissing their case now would mean that Plaintiffs effectively lose their right to appeal the merits question that they raised before DOL filed the parallel enforcement actions and that will determine whether their businesses survive. Dismissal would also be contrary to the first-filed rule and DOL's representations to this Court that the later-filed enforcement actions do not affect the appropriateness of deciding this case, all without producing any benefit for judicial economy.

The Third Circuit has held that this case is properly before this Court. *Id.* at 8–9. This Court should not hesitate to do what courts exist to do—say what the law is. *See Marbury v. Madison*, 5 U.S. 137, 177 (1803).

### I.    The first-filed rule directs this Court to decide this case.

This case should proceed because Plaintiffs brought their claims in good faith before any parallel litigation existed. DOL's subsequent enforcement actions therefore implicate the

3

"first-filed rule," which holds that, when the parties and legal issues in two pending cases before different courts substantially overlap, "the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941). "[I]n the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit." *Chavez v. Dole Food Co.*, 836 F.3d 205, 220 (3d Cir. 2016).

Nothing in *Abbott Labs* suggests a different rule for cases involving the Administrative Procedure Act. On the contrary, courts have long understood the language from *Abbott Labs* quoted by the Court of Appeals as a reference to the first-filed rule. The Fifth Circuit, for example, interprets the *Abbot Labs* quote to mean that "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action …." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985); *see also Bergh v. Washington*, 535 F.2d 505, 507 (9th Cir. 1976) (citing same quote from *Abbott Labs* to dismiss second-filed case); *Nat'l Health Fed'n v. Weinberger*, 518 F.2d 711, 712–14 (7th Cir. 1975) (citing *Abbott Labs*, 387 U.S. at 154–55, which contains same quote, to dismiss second-filed case). Here, both this case and the enforcement cases present the question of whether the 2013 Rule is consistent with the FLSA.

Exceptions, such as those gestured at by the Court of Appeals and in *Abbott Labs*, are permitted only in "rare or extraordinary circumstances," such as those involving "inequitable conduct, bad faith, or forum shopping." *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988). There is no extraordinary circumstance of inequitable conduct here: Plaintiffs' suit was not filed "on the eve of" any enforcement action. *See Gen. Motors Corp. v. Volpe*, 321 F. Supp. 1112, 1122 (D. Del. 1970) (declining to apply first-filed rule when pre-enforcement suit was filed just two days before enforcement action). Plaintiffs were prompted by DOL's

investigation, and it is common for plaintiffs to seek declaratory relief in response to learning that an agency might bring an enforcement action. *See, e.g.*, *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 812 (6th Cir. 2015); *see also Free Speech Coal., Inc. v. Att'y Gen. United States*, 825 F.3d 149, 166–67 (3d Cir. 2016); *Navegar, Inc. v. United States*, 103 F.3d 994, 1001 (D.C. Cir. 1997). Nor did Plaintiffs engage in any forum shopping or bad faith conduct. So, no exception to the first-filed rule allows this Court to decline to apply it to this case.

Although the Third Circuit has never explicitly held that the first-filed rule applies when a subsequent case is filed in the same district as the first, like the enforcement actions against Plaintiffs Intra-National and Agewell were, *see Su v. Intra-National Home Care LLC*, No. 2:21-cv-1391 (W.D. Pa.); *Su v. Agewell Home Helpers, Inc.*, No. 2:21-cv-108 (W.D. Pa.), the Fifth Circuit *has* held that it applies in this situation, *Save Power Ltd. v. Synteck Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997), and district courts in the Third Circuit have recognized that the underlying "principles" of the first-filed rule "apply with even more force" in these situations regardless of whether it is "technically appl[icable]" in its classic form. *Alvarez v. Gold Belt, LLC*, No. 1:08-cv-4871, 2009 WL 1473933, at *2–3 (D.N.J. May 26, 2009); *see also Camesi v. Univ. of Pittsburgh Med. Ctr.*, No. 3:09-cv-85, 2009 WL 1740646, at *1 n.1 (W.D. Pa. June 18, 2009). Under the first-filed rule, then, this Court has "first … possession of the subject [and] must decide it," absent extraordinary circumstances. *Crosley Corp.*, 122 F.2d at 929 (internal quotation marks omitted). Nothing in the Court of Appeals decision suggests that this ordinary rule does not apply here.

Simply put: the discretionary option of dismissal referenced by the Court of Appeals is governed by a well-developed body of case law. Dismissal under these circumstances would be an abuse of discretion, and would needlessly prolong this case while Plaintiffs pursue a

5

second appeal on a threshold issue. It has been nearly four years since Plaintiffs filed these APA actions—it is long past time that they get a hearing on the merits of their claims.

## II. DOL conceded that the filing of their enforcement suits "means nothing for this case."

At oral argument before this Court, DOL conceded that the filing of their enforcement suits "means nothing for this case" and that the possibility of Plaintiffs raising the 2013 Rule's invalidity as a defense in those cases "does not have any bearing on whether it's appropriate for this Court to address the issues." Tr. of Oral Arg. at 14:10–16 (Nov. 19, 2021), ECF No. 63. Now that the Third Circuit has rejected DOL's objection to the timeliness of Plaintiffs' claims, DOL's concession means that the parties agree there is no reason for this Court to dismiss this case. Based upon DOL's concession, Plaintiffs spent considerable resources litigating the appeal to final judgment—and prevailed. It would be inequitable to declare this appeal a Pyrrhic victory and dismiss this case now for the very reason that DOL earlier disclaimed.

## III. Dismissing this case would not serve judicial economy.

Along with law and equity, efficiency also counsels against dismissal. Declining to resolve the merits of this case would not preserve judicial resources because none of the pending enforcement actions have proceeded to the merits of Plaintiffs' arguments that the 2013 Rule is invalid. *See Intra-National*, No. 2:21-cv-1391 (W.D. Pa.); *Agewell*, No. 2:21-cv-108 (W.D. Pa.); *Dep't of Lab. v. Americare Healthcare Servs., LLC*, No. 2:21-cv-5076 (S.D. Ohio). The pending enforcement action against Plaintiffs Agewell and Intra-National have not even gone through summary judgment briefing. *See Agewell*, No. 2:21-cv-108 (W.D. Pa.); *Intra-National*, No. 2:21-cv-1391 (W.D. Pa.). In contrast to the fact-intensive inquiries necessary to resolve the disputed issues in those enforcement cases, this case presents a pure question of

law that this Court can answer at summary judgment. Resolving this case promptly could result in a large efficiency gain if the Court determines that the 2013 Rule is invalid in whole or in part, as Plaintiffs argue. That decision would obviate or expedite all three of the enforcement actions, freeing federal judges and several government attorneys for other work. Plaintiffs also note that they previously sought to consolidate the enforcement action against Intra-National with this case and sought to stay the enforcement actions while this case was being resolved. DOL opposed those requests, which were all denied. Defs.' Opp'n to Mot. to Consolidate, ECF No. 62; Mem. Op., ECF No. 68; *Intra-National*, 2:21-cv-1391 (W.D. Pa.), ECF Nos. 72, 106; *Agewell*, No. 2:21-cv-108 (W.D. Pa.), ECF Nos. 63, 66; *Americare*, No. 2:21-cv-5076 (S.D. Ohio), ECF Nos. 38, 57. *Cf. Abbot Labs*, 387 U.S. at 154–55 (If DOL is concerned with a multiplicity of suits it can "invoke[ ]" the "venue transfer provision, 28 U.S.C. s 1404(a)" or "actions in all but one jurisdiction might be stayed pending the conclusion of one proceeding.").

## IV. Only this case preserves Plaintiffs' right to appeal the merits of their arguments against the 2013 Rule's validity.

Finally, dismissal would be inappropriate because it would mean that a district court ruling in any of the enforcement actions that the 2013 Rule is valid would likely be the final word on that question, whereas proceeding in this case would afford Plaintiffs an opportunity to appeal such a decision. That is because an unfavorable ruling in any of the enforcement actions would result in a money judgment against the affected Plaintiff, and that judgment ordinarily could not be stayed pending appeal unless Plaintiffs post a bond, *see* Fed. R. App. P. 8(a), which none of the Plaintiffs could afford. Defendants seek tens of millions of dollars in damages, and no Plaintiff—each a small business—has enough liquidity to pay to post a bond that would match the value of such a judgment. Any Plaintiff put in this situation would

be forced to shutter its business, likely without appeal. In contrast, an unfavorable ruling in this case would not produce a money judgment against Plaintiffs, who could then exercise their right to an appeal.

Preserving this right to appeal a decision on the validity of the 2013 Rule is Plaintiffs' paramount goal at this stage, so Plaintiffs would consent to dismissal of this suit despite the first-filed rule, DOL's concessions, and considerations of judicial economy if DOL could guarantee each Plaintiff an opportunity to appeal an adverse ruling on the 2013 Rule's validity in the pending enforcement action against it. DOL might make such a guarantee by waiving the bond requirement to stay any money judgment pending appeal. Plaintiffs are also willing to consider other suggestions from DOL or the Court to preserve a realistic opportunity to appeal. If no such guarantee can be had, then fairness, judicial efficiency, and this Court's "virtually unflagging obligation … to exercise the jurisdiction given" to it all indicate that this Court should resolve this first-filed case without any further delay. *Colorado River*, 424 U.S. at 817. The legal issues at play, the livelihoods at stake, and the possibility of resolving this matter through further discussion between the parties and Court all warrant an oral hearing, which Plaintiffs respectfully request.

## **CONCLUSION**

For the foregoing reasons, the Court should continue proceedings to resolve this case or, in the alternative, dismiss it only after assuring that each Plaintiff will have an opportunity in the enforcement action pending against it to appeal an unfavorable ruling on the 2013 Rule's validity.

| | |
|---|---|
| Dated: October 31, 2024 | Respectfully submitted, |
| */s/ Bruce C. Fox*<br>Michael E. Hooper (0073188)<br>*Trial Attorney*<br>Bruce C. Fox (PA 42576)<br>McArdle Booker (PA 209470)<br>OBERMAYER REBMANN<br>MAXWELL & HIPPEL LLP<br>525 William Penn Place, Suite 1710<br>Pittsburgh, PA 15219<br>(412) 566-1500<br>michael.hooper@obermayer.com<br>bruce.fox@obermayer.com<br>mcardle.booker@obermayer.com<br>*Counsel for Plaintiffs* | */s/ Jonathan Berry*<br>Jonathan Berry (DC 1016352)<br>Michael B. Buschbacher (DC 1048432)<br>James R. Conde (DC 1031694)<br>BOYDEN GRAY PLLC<br>800 Connecticut Ave. NW # 900<br>Washington, DC 20006<br>(202) 955-0620<br>jberry@boydengray.com<br>mbuschbacher@boydengray.com<br>jconde@boydengray.com<br>*Counsel for Plaintiffs Intra-National Home Care, LLC and Americare Home Healthcare Services, LLC* |