**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INTRA-NATIONAL HOME CARE, LLC, and AMERICARE HOME HEALTHCARE SERVICES, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF LABOR, et al., <br><br> *Defendants*. | No. 2:20-cv-01545-WSH <br><br> **Oral Hearing Requested** |
| AGEWELL HOME HELPERS, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> DEPARTMENT OF LABOR, et al., <br><br> *Defendants*. | No. 2:20-cv-01773-WSH |

**PLAINTIFFS' REPLY SHOWING CAUSE WHY THIS COURT SHOULD
RESOLVE THIS CASE**

It is "a fundamental legal principle" that "the plaintiff is the master of his complaint."

*Estate of Roman v. City of Newark*, 914 F.3d 789, 812 (3d Cir. 2019) (Hardiman, J., concurring

in part). But the Department of Labor (DOL) begs to differ. Since Plaintiffs filed this case in

2020, DOL has marshalled an ever-changing stream of threshold arguments for why Plaintiffs

should instead be forced to make their arguments as defendants in DOL's much later filed

enforcement actions. Initially, DOL said that this Court lacked subject matter jurisdiction and

that this suit was untimely. Then, on appeal, DOL added a new argument, claiming that,

even if their claims were timely, Plaintiffs' alleged "violative actions" deprived them of the

1

ability to seek pre-enforcement judicial review. And now, after the Court of Appeals decisively rejected all of DOL's arguments, the agency advances yet more new theories, which flatly contradict what it previously told this Court the last time it considered dismissal. Nothing in the Court of Appeals' decision supports—much less requires—this outcome. This Court should reject DOL's attempt to get yet another bite at the apple and should—at long last—finally proceed to consider the merits of Plaintiffs' first-filed challenge.

## ARGUMENT

DOL fails to refute the four reasons why, as Plaintiffs explained, this Court should resolve this case. *See* ECF No. 82. Those four reasons—(1) the first-filed rule, (2) DOL's waiver at oral argument of the arguments they hope to advance now, (3) judicial economy, and (4) the necessity of preserving Plaintiffs' right to appeal—all demonstrate why this Court should resolve this case. Plaintiffs are ready to move expeditiously for summary judgment, which would resolve the three separate enforcement actions DOL brought against Plaintiffs in district courts in two different circuits months after Plaintiffs filed this case.

1. ***First-Filed Rule.*** Plaintiffs explained that the first-filed rule applies to this case and that the Third Circuit's citation to *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 155 (1967), reinforces the rule's application here. ECF No. 82 at 4–5. In response, DOL first argues that this pre-enforcement challenge does not involve *all* "the same issues" as their later-filed enforcement actions because those cases involve additional "factual issues surrounding Plaintiffs' conduct." ECF No. 83 at 7. But the rule applies because the cases share a dispositive legal question, the resolution of which offers "all the litigants … a single determination of their controversy." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941). If, as Plaintiffs allege, the rule that DOL wishes to enforce against them is invalid, all the cases go away.

DOL next argues that this case is an "anticipatory suit, an exception to the first-filed rule." ECF No. 83 at 7. Not so. DOL admits this exception applies only to pre-enforcement suits filed to "preempt an imminent … action," *id.* (quoting *EEOC v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988)), but no enforcement action was "imminent" when Plaintiffs filed their suit in 2020, several months before any enforcement action. Nor did their filing "preempt" anything. Those enforcement cases have proceeded apace.

*2. DOL waived its arguments.* DOL cannot go back on its repeated assurances to this Court that its filing of the enforcement suits "means nothing for this case" and that the possibility of Plaintiffs raising the 2013 Rule's invalidity as a defense in those cases "does not have any bearing on whether it's appropriate for this Court to address the issues." Tr. of Oral Arg. at 14:10–16 (Nov. 19, 2021), ECF No. 63. DOL now make a confused argument that it was only talking about "a threshold jurisdictional concern," or possibly also the statute of limitations, ECF No. 83 at 8–9, 9 n.5, but that was not the question this Court asked, and this Court should take DOL at its word that Plaintiffs' opportunity to defend the enforcement suits "means nothing for this case." Now that the Third Circuit has rejected DOL's timeliness objection, DOL's concession means that the parties agree there is no reason for this Court to dismiss this case. Nor is DOL correct that the Third Circuit rejected the waiver point: it did not address it, nor did it need to, as it rejected all of DOL's arguments on the merits.

*3. Dismissing this case would waste judicial resources.* DOL admits that "a final judgment in Plaintiffs' favor" in this case "would have preclusive effect," conclusively resolving the multiple enforcement actions DOL filed against Plaintiffs that will otherwise be litigated in three district courts in two different circuits. ECF No. 83 at 9. Two of those proceedings are stayed pending resolution of this show cause order, *id.* (citing *Su v. Intra-National*, ECF No.

166; *Su v. Agewell*, ECF No. 70), and, contrary to DOL's suggestion, *id.*, there is every reason to believe those stays will be extended if this Court exercises the jurisdiction Congress assigned to it. If those courts were not going to defer to this one's resolution of the merits, they would not have issued stays in the first place. Resolving this case would hence save considerable judicial resources.

*4.* **Only this case preserves Plaintiffs' right to appeal.** Finally, Plaintiffs explained that preserving their right to appeal is their paramount goal at this stage, and that they likely could not afford the bond necessary to appeal a ruling in any of the enforcement actions. ECF No. 82 at 7–8. DOL is wrong that, given Plaintiffs' financial situation, an appellate bond would ameliorate "loss of the back wages [DOL] seeks to recover." ECF No. 83 at 10. Given the amount of damages sought by DOL, Plaintiffs are not likely to be able to post bond, so the loss will not be ameliorated. *See* ECF No. 82 at 7–8. DOL also speculates that a court might modify the bond requirement to avoid this, ECF No. 83 at 10, but that is just speculation. Finally, DOL argues that the enforcement proceedings could first resolve the 2013 Rule's validity subject to interlocutory appeal, *id.*, but that would violate the first-filed rule and waste judicial resources if, as is likely, the court declines to extend relief beyond the single party to the enforcement action. Only a resolution of the 2013 Rule's validity by *this* Court would certainly be preclusive as to all Plaintiffs.

5. ***This Court should resolve this case under* Reifer.** DOL packages its unavailing arguments into the eight "non-exhaustive" factors that *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014), articulated for when a court may decline jurisdiction under the Declaratory Judgment Act. ECF No. 83 at 4–6. Those arguments still fail for the same reasons. On factor 1, DOL admits that a declaration will resolve the uncertainty between the parties. *Id.* at 9. And only

this case would be conclusive as to all Plaintiffs. On factor 2, it is more convenient to resolve the 2013 Rule's validity here instead of in three separate enforcement proceedings. At most, this factor would support dismissing Plaintiff Americare from this action, since that court recently issued a summary judgment decision. On factor 3, the public has a strong interest in resolving the uncertainty because DOL's enforcement of the 2013 Rule poses an existential threat to Plaintiffs and other home healthcare companies and would deprive the communities they serve of their much-needed services. This Reply has also already addressed factors 4 and 6, the relative convenience of other remedies and avoidance of duplicative litigation. Dismissing this suit would lead to avoidable three-track litigation and likely deprive Plaintiffs of their right to appeal. Finally factor 7, avoiding "procedural fencing" supports resolution in this forum, where Plaintiffs properly sought review long before any enforcement action existed. The *Reifer* factors indicate that this Court should exercise the jurisdiction Congress assigned it.

## CONCLUSION

The Court should continue proceedings to resolve this case or, in the alternative, dismiss it only after assuring that each Plaintiff will have an opportunity in the enforcement action pending against it to appeal any unfavorable ruling on the 2013 Rule's validity.

Dated: January 21, 2025

Respectfully submitted,

*/s/ Bruce C. Fox*
Bruce C. Fox (PA 42576)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
(412) 566-1500
bruce.fox@obermayer.com

*/s/ Michael Buschbacher*
Jonathan Berry (DC 1016352)
Michael B. Buschbacher (DC 1048432)
BOYDEN GRAY PLLC
800 Connecticut Ave. NW # 900
Washington, DC 20006
(202) 955-0620
jberry@boydengray.com
mbuschbacher@boydengray.com