UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTRA-NATIONAL HOME CARE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR, *et al.*,<br><br>Defendants. | No. 2:20-cv-01545-WSH |
| AGEWELL HOME HELPERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR, *et al.*,<br><br>Defendants. | No. 2:20-cv-01773-WSH |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants hereby provide the following statement of facts as to which there is no genuine issue:[1]

1.  The Fair Labor Standards Act ("FLSA") generally requires covered employers to pay a minimum wage, and for hours of work exceeding 40 in a workweek, overtime compensation at a rate of one and one-half times the employee's regular rate of pay. 29 U.S.C. §§ 206(a), 207(a)(1).

---

[1] The parties have conferred and agree that a statement of facts is not necessary in this case concerning Plaintiffs' challenge, brought under the Administrative Procedure Act, to a final rule issued in October 1, 2013. Nonetheless, Defendants include this statement to comply with the local rules and to provide basic statutory background.

1

2.      In 1974, Congress amended the FLSA to extend the Act's minimum-wage and overtime protections to employees in "domestic service." 29 U.S.C. §§ 206(f), 207(l ); *see* Addendum A, Fair Labor Standards Amendments of 1974, Pub. L. No. 93-259, 88 Stat. 55 (1974). At the same time, Congress exempted certain categories of domestic-service workers from the FLSA's minimum-wage and overtime requirements.

3.      29 U.S.C. § 213(a)(15) provides that the FLSA's minimum-wage and overtime requirements shall not apply with respect to "any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)."

4.      29 U.S.C. § 213(b)(21), pertaining to live-in domestic-service workers, provides that the Act's overtime protections shall not apply with respect to "any employee who is employed in domestic service in a household and who resides in such household."

5.      In 1975, the Department of Labor adopted implementing regulations. Those regulations addressed the treatment of companionship-services workers and live-in domestic-service workers who were employed by third-party agencies. The regulations provided that the companionship-services and the live-in exemptions included individuals "who [were] employed by an employer other than the family or household using their services." 29 C.F.R. § 552.109(a), (c) (2014).

6.      At that time, the "vast majority" of "private household workers were employed directly by a member of [the] household," rather than by a third party. Addendum B, Emp't

2

Standards Admin., U.S. Dep't of Labor, *Minimum Wage and Maximum Hours Standards Under the Fair Labor Standards Act* at 28 (Jan. 19, 1973).

7.Due to changes in the home care industry, in 2013, the Department of Labor amended 29 C.F.R. § 552.109 via notice-and-comment rulemaking to provide that third-party employers of companionship-services and live-in employees may no longer "avail themselves" of the FLSA exemptions. *See* Addendum C, Final Rule, Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. 60454, 60577 (Oct. 1, 2013).

Dated: December 31, 2025Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

JACQUELINE COLEMAN SNEAD
Assistant Branch Director, Federal Programs Branch

*/s/ James J. Wen*
JAMES J. WEN (NY Bar No. 5422126)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 616-8185
James.J.Wen@usdoj.gov

*Counsel for Defendants*