# STATUTORY AND REGULATORY ADDENDUM

## CONTENTS

Pub. L. No. 93-259, § 29 (1974) ............................................................................ A-1

29 U.S.C. § 213 ..................................................................................................... A-2

20 C.F.R. pt. 552 ................................................................................................... A-5

76                    PUBLIC LAW 93-260–APR. 9, 1974                [88 STAT.

EFFECTIVE DATE

29 USC 202 note.

SEC. 29. (a) Except as otherwise specifically provided, the amendments made by this Act shall take effect on May 1, 1974.

29 USC 202 note.

(b) Notwithstanding subsection (a), on and after the date of the enactment of this Act the Secretary of Labor is authorized to prescribe necessary rules, regulations, and orders with regard to the amendments made by this Act.

Approved April 8, 1974.

Public Law 93-260

April 9, 1974
[S. 2174]

AN ACT

To amend certain provisions of law defining widow and widower under the civil service retirement system, and for other purposes.

Civil Service retirement system.
Survivor annuities.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That (a) clauses (1)(A) and (2)(A) of section 8341(a) of title 5, United States Code, are amended by striking out "2 years" wherever it appears and inserting in lieu thereof "1 year".

(b) The amendments made by subsection (a) of this section shall not apply in the cases of employees, Members, or annuitants who died before the date of enactment of this Act. The rights of such individuals and their survivors shall continue in the same manner and to the same extent as if such amendments had not been enacted.

Annuity computation.

SEC. 2. (a) Section 8339(f)(2) of title 5, United States Code, is amended—

(1) by deleting "greater" and inserting "greatest" in place thereof;
(2) by deleting the word "or" immediately after the semicolon at the end of clause (A);
(3) by redesignating clause (B) as clause (C); and
(4) by inserting immediately below clause (A) the following new clause (B):

"(B) the average pay of the Member; or".

Effective date.
5 USC 8339 note.

(b) The amendments made by subsection (a) of this section shall apply to annuities paid for months beginning after the date of enactment of this Act.

Approved April 9, 1974.

Public Law 93-261

April 11, 1974
[H. J. Res. 941]

JOINT RESOLUTION

Making an urgent supplemental appropriation for the fiscal year ending June 30, 1974, for the Veterans Administration, and for other purposes.

Veterans Administration.
Supplemental appropriation.

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That the following sum is appropriated, out of any money in the Treasury not otherwise appropriated, for the fiscal year ending June 30, 1974, namely:

VETERANS ADMINISTRATION

READJUSTMENT BENEFITS

For an additional amount for "Readjustment benefits", $750,000,000, to remain available until expended.

Approved April 11, 1974.

**(b) Investigations and inspections**

The Secretary of Labor or any of his authorized representatives, shall make all investigations and inspections under section 211(a) of this title with respect to the employment of minors, and, subject to the direction and control of the Attorney General, shall bring all actions under section 217 of this title to enjoin any act or practice which is unlawful by reason of the existence of oppressive child labor, and shall administer all other provisions of this chapter relating to oppressive child labor.

**(c) Oppressive child labor**

No employer shall employ any oppressive child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce.

**(d) Proof of age**

In order to carry out the objectives of this section, the Secretary may by regulation require employers to obtain from any employee proof of age.

(June 25, 1938, ch. 676, §12, 52 Stat. 1067; 1946 Reorg. Plan No. 2, §1(b), eff. July 16, 1946, 11 F.R. 7873, 60 Stat. 1095; Oct. 26, 1949, ch. 736, §10, 63 Stat. 917; Pub. L. 87–30, §8, May 5, 1961, 75 Stat. 70; Pub. L. 93–259, §25(a), Apr. 8, 1974, 88 Stat. 72.)

### Editorial Notes

#### AMENDMENTS

1974—Subsec. (d). Pub. L. 93–259 added subsec. (d).
1961—Subsec. (c). Pub. L. 87–30 inserted ''or in any enterprise engaged in commerce or in the production of goods for commerce''.
1949—Subsec. (a). Act Oct. 26, 1949, §10(a), struck out effective date at beginning of subsection and inserted proviso excepting good faith purchaser of goods produced by oppressive child labor.
Subsec. (c). Act Oct. 26, 1949, §10(b), added subsec. (c).

### Statutory Notes and Related Subsidiaries

#### EFFECTIVE DATE OF 1974 AMENDMENT

Amendment by Pub. L. 93–259 effective May 1, 1974, see section 29(a) of Pub. L. 93–259, set out as a note under section 202 of this title.

#### EFFECTIVE DATE OF 1961 AMENDMENT

Amendment by Pub. L. 87–30 effective upon expiration of one hundred and twenty days after May 5, 1961, except as otherwise provided, see section 14 of Pub. L. 87–30, set out as a note under section 203 of this title.

#### EFFECTIVE DATE OF 1949 AMENDMENT

Amendment by act Oct. 26, 1949, effective ninety days after Oct. 26, 1949, see section 16(a) of act Oct. 26, 1949, set out as a note under section 202 of this title.

### Executive Documents

#### TRANSFER OF FUNCTIONS

For transfer of functions of other officers, employees, and agencies of Department of Labor, with certain exceptions, to Secretary of Labor, with power to delegate, see Reorg. Plan No. 6 of 1950, §§1, 2, 15 F.R. 3174, 64 Stat. 1263, set out in the Appendix to Title 5, Government Organization and Employees.

''Secretary of Labor'' substituted for ''Chief of the Children's Bureau in the Department of Labor'' in subsec. (b) by 1946 Reorg. Plan No. 2. See note set out under section 203 of this title.

### § 213. Exemptions

#### (a) Minimum wage and maximum hour requirements

The provisions of sections 206 (except subsection (d) in the case of paragraph (1) of this subsection) and 207 of this title shall not apply with respect to—

(1) any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of subchapter II of chapter 5 of title 5, except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities); or

(2) Repealed. Pub. L. 101–157, §3(c)(1), Nov. 17, 1989, 103 Stat. 939.

(3) any employee employed by an establishment which is an amusement or recreational establishment, organized camp, or religious or non-profit educational conference center, if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33⅓ per centum of its average receipts for the other six months of such year, except that the exemption from sections 206 and 207 of this title provided by this paragraph does not apply with respect to any employee of a private entity engaged in providing services or facilities (other than, in the case of the exemption from section 206 of this title, a private entity engaged in providing services and facilities directly related to skiing) in a national park or a national forest, or on land in the National Wildlife Refuge System, under a contract with the Secretary of the Interior or the Secretary of Agriculture; or

(4) Repealed. Pub. L. 101–157, §3(c)(1), Nov. 17, 1989, 103 Stat. 939.

(5) any employee employed in the catching, taking, propagating, harvesting, cultivating, or farming of any kind of fish, shellfish, crustacea, sponges, seaweeds, or other aquatic forms of animal and vegetable life, or in the first processing, canning or packing such marine products at sea as an incident to, or in conjunction with, such fishing operations, including the going to and returning from work and loading and unloading when performed by any such employee; or

(6) any employee employed in agriculture (A) if such employee is employed by an employer who did not, during any calendar quarter during the preceding calendar year, use more than five hundred man-days of agricultural labor, (B) if such employee is the parent,

spouse, child, or other member of his employer's immediate family, (C) if such employee (i) is employed as a hand harvest laborer and is paid on a piece rate basis in an operation which has been, and is customarily and generally recognized as having been, paid on a piece rate basis in the region of employment, (ii) commutes daily from his permanent residence to the farm on which he is so employed, and (iii) has been employed in agriculture less than thirteen weeks during the preceding calendar year, (D) if such employee (other than an employee described in clause (C) of this subsection) (i) is sixteen years of age or under and is employed as a hand harvest laborer, is paid on a piece rate basis in an operation which has been, and is customarily and generally recognized as having been, paid on a piece rate basis in the region of employment, (ii) is employed on the same farm as his parent or person standing in the place of his parent, and (iii) is paid at the same piece rate as employees over age sixteen are paid on the same farm, or (E) if such employee is principally engaged in the range production of livestock; or

(7) any employee to the extent that such employee is exempted by regulations, order, or certificate of the Secretary issued under section 214 of this title; or

(8) any employee employed in connection with the publication of any weekly, semiweekly, or daily newspaper with a circulation of less than four thousand the major part of which circulation is within the county where published or counties contiguous thereto; or

(9) Repealed. Pub. L. 93–259, § 23(a)(1), Apr. 8, 1974, 88 Stat. 69.

(10) any switchboard operator employed by an independently owned public telephone company which has not more than seven hundred and fifty stations; or

(11) Repealed. Pub. L. 93–259, § 10(a), Apr. 8, 1974, 88 Stat. 63.

(12) any employee employed as a seaman on a vessel other than an American vessel; or

(13), (14) Repealed. Pub. L. 93–259, §§ 9(b)(1), 23(b)(1), Apr. 8, 1974, 88 Stat. 63, 69.

(15) any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary); or

(16) a criminal investigator who is paid availability pay under section 5545a of title 5;

(17) any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is—

  (A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;

  (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

  (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or

  (D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and

who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $27.63 an hour; or

(18) any employee who is a border patrol agent, as defined in section 5550(a) of title 5; or

(19) any employee employed to play baseball who is compensated pursuant to a contract that provides for a weekly salary for services performed during the league's championship season (but not spring training or the off season) at a rate that is not less than a weekly salary equal to the minimum wage under section 206(a) of this title for a workweek of 40 hours, irrespective of the number of hours the employee devotes to baseball related activities.

**(b) Maximum hour requirements**

The provisions of section 207 of this title shall not apply with respect to—

(1) any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49; or

(2) any employee of an employer engaged in the operation of a rail carrier subject to part A of subtitle IV of title 49; or

(3) any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act [45 U.S.C. 181 et seq.]; or

(4) Repealed. Pub. L. 93–259, § 11(c), Apr. 8, 1974, 88 Stat. 64.

(5) any individual employed as an outside buyer of poultry, eggs, cream, or milk, in their raw or natural state; or

(6) any employee employed as a seaman; or

(7) Repealed. Pub. L. 93–259, § 21(b)(3), Apr. 8, 1974, 88 Stat. 68.

(8) Repealed. Pub. L. 95–151, § 14(b), Nov. 1, 1977, 91 Stat. 1252.

(9) any employee employed as an announcer, news editor, or chief engineer by a radio or television station the major studio of which is located (A) in a city or town of one hundred thousand population or less, according to the latest available decennial census figures as compiled by the Bureau of the Census, except where such city or town is part of a standard metropolitan statistical area, as defined and designated by the Office of Management and Budget, which has a total population in excess of one hundred thousand, or (B) in a city or town of twenty-five thousand population or less, which is part of such an area but is at least 40 airline miles from the principal city in such area; or

(10)(A) any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers; or

(B) any salesman primarily engaged in selling trailers, boats, or aircraft, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling trailers, boats, or aircraft to ultimate purchasers; or

(11) any employee employed as a driver or driver's helper making local deliveries, who is compensated for such employment on the basis of trip rates, or other delivery payment plan, if the Secretary shall find that such plan has the general purpose and effect of reducing hours worked by such employees to, or below, the maximum workweek applicable to them under section 207(a) of this title; or

(12) any employee employed in agriculture or in connection with the operation or maintenance of ditches, canals, reservoirs, or waterways, not owned or operated for profit, or operated on a sharecrop basis, and which are used exclusively for supply and storing of water, at least 90 percent of which was ultimately delivered for agricultural purposes during the preceding calendar year; or

(13) any employee with respect to his employment in agriculture by a farmer, notwithstanding other employment of such employee in connection with livestock auction operations in which such farmer is engaged as an adjunct to the raising of livestock, either on his own account or in conjunction with other farmers, if such employee (A) is primarily employed during his workweek in agriculture by such farmer, and (B) is paid for his employment in connection with such livestock auction operations at a wage rate not less than that prescribed by section 206(a)(1) of this title; or

(14) any employee employed within the area of production (as defined by the Secretary) by an establishment commonly recognized as a country elevator, including such an establishment which sells products and services used in the operation of a farm, if no more than five employees are employed in the establishment in such operations; or

(15) any employee engaged in the processing of maple sap into sugar (other than refined sugar) or syrup; or

(16) any employee engaged (A) in the transportation and preparation for transportation of fruits or vegetables, whether or not performed by the farmer, from the farm to a place of first processing or first marketing within the same State, or (B) in transportation, whether or not performed by the farmer, between the farm and any point within the same State of persons employed or to be employed in the harvesting of fruits or vegetables; or

(17) any driver employed by an employer engaged in the business of operating taxicabs; or

(18), (19) Repealed. Pub. L. 93–259, §§ 15(c), 16(b), Apr. 8, 1974, 88 Stat. 65.

(20) any employee of a public agency who in any workweek is employed in fire protection activities or any employee of a public agency who in any workweek is employed in law enforcement activities (including security personnel in correctional institutions), if the public agency employs during the workweek less than 5 employees in fire protection or law enforcement activities, as the case may be; or

(21) any employee who is employed in domestic service in a household and who resides in such household; or

(22) Repealed. Pub. L. 95–151, § 5, Nov. 1, 1977, 91 Stat. 1249.

(23) Repealed. Pub. L. 93–259, § 10(b)(3), Apr. 8, 1974, 88 Stat. 64.

(24) any employee who is employed with his spouse by a nonprofit educational institution to serve as the parents of children—

(A) who are orphans or one of whose natural parents is deceased, or

(B) who are enrolled in such institution and reside in residential facilities of the institution,

while such children are in residence at such institution, if such employee and his spouse reside in such facilities, receive, without cost, board and lodging from such institution, and are together compensated, on a cash basis, at an annual rate of not less than $10,000; or

(25), (26) Repealed. Pub. L. 95–151, §§ 6(a), 7(a), Nov. 1, 1977, 91 Stat. 1249, 1250.

(27) any employee employed by an establishment which is a motion picture theater; or

(28) any employee employed in planting or tending trees, cruising, surveying, or felling timber, or in preparing or transporting logs or other forestry products to the mill, processing plant, railroad, or other transportation terminal, if the number of employees employed by his employer in such forestry or lumbering operations does not exceed eight;

(29) any employee of an amusement or recreational establishment located in a national park or national forest or on land in the National Wildlife Refuge System if such employee (A) is an employee of a private entity engaged in providing services or facilities in a national park or national forest, or on land in the National Wildlife Refuge System, under a contract with the Secretary of the Interior or the Secretary of Agriculture, and (B) receives compensation for employment in excess of fifty-six hours in any workweek at a rate not less than one and one-half times the regular rate at which he is employed; or

(30) a criminal investigator who is paid availability pay under section 5545a of title 5.

**(c) Child labor requirements**

(1) Except as provided in paragraph (2) or (4), the provisions of section 212 of this title relating to child labor shall not apply to any employee employed in agriculture outside of school hours for the school district where such employee is living while he is so employed, if such employee—

(A) is less than twelve years of age and (i) is employed by his parent, or by a person standing in the place of his parent, on a farm owned or operated by such parent or person, or (ii) is employed, with the consent of his parent or person standing in the place of his parent, on a farm, none of the employees of which are (because of subsection (a)(6)(A)) required to be paid at the wage rate prescribed by section 206(a)(5)[1] of this title,

(B) is twelve years or thirteen years of age and (i) such employment is with the consent of

---

[1] See References in Text note below.

process of production; and transportation of goods within a local community or metropolitan area as an integral part of a carriage of such goods from a point outside such community or area to a destination within it, rather than as a part of the activities customarily performed in making local deliveries, as defined in this section, in the same manner as deliveries of goods held locally for local disposition.

(e) *Employee employed as a driver or driver's helper making local deliveries* includes any employee who is employed in any workweek:

(1) To drive a delivery vehicle used in making local deliveries, or

(2) To assist the driver of such a vehicle in making such deliveries, being required to ride on the vehicle to perform such work,

and whose work in making local deliveries, as defined in paragraph (d) of this section, accounts for at least 80 percent of his hours of work in such workweek. In making and applying any finding as provided in this part, no employee shall be considered to be employed as a driver or driver's helper making local deliveries in any workweek when more than 20 percent of his hours of work results from the performance of duties other than those included in making such local deliveries.

(f) A plan of compensation *on the basis of trip rates or other delivery payment plan* means any plan whereby employees employed as drivers or drivers' helpers making local deliveries are compensated for their employment on a basis such that the amount of payment which they receive is governed in substantial part by a system of wage payments based on units of work measurement such as numbers of trips taken, miles driven, stops made, or units of goods delivered (but not including any plan based solely on the number of hours worked) so that there is a substantial inducement to employees to minimize the number of hours worked.

(g) For purposes of determining whether and to what extent a plan of compensation on the basis of trip rates or other delivery payment plan has the effect of reducing the weekly hours worked by employees employed by an employer as drivers or drivers' helpers making local deliveries pursuant to such plan:

(1) The *most recently completed representative period of one year* (§ 551.2(c)) or *most recent representative annual period* (§ 551.5(b)(3)) shall mean a one-year period within which such employees were so employed on a regular full-time basis by such employer (or, if such employer has not previously used such plan, by another employer using the plan under substantially the same conditions, which period shall include a calendar or fiscal quarter-year ending not more than four months prior to the date as of which the effect of such plan is to be considered, together with the three quarter-year periods immediately preceding such recently completed quarter-year; and

(2) The *average weekly hours* or *average workweek* of the full-time employees so employed during such annual period shall mean the number of hours obtained by the following computation: (i) All the hours worked during such annual period by all the full-time employees regularly employed under the plan shall be totaled; (ii) the number of workweeks worked by each such employee during such annual period under such plan shall be computed, and the totals added together; and (iii) the average weekly hours, taken in the aggregate, of all such employees shall be computed by dividing the sum resulting from computation (i) by the sum resulting from computation (ii).

§ 551.9  Recordkeeping requirements.

The records which must be kept and the computations which must be made with respect to employees for whom the overtime pay exemption under section 13(b)(11) is taken are specified in § 516.15 of this chapter.

[35 FR 17841, Nov. 20, 1970]

## PART 552—APPLICATION OF THE FAIR LABOR STANDARDS ACT TO DOMESTIC SERVICE

### Subpart A—General Regulations

Sec.
552.1 Terms used in regulations.
552.2 Purpose and scope.
552.3 Domestic service employment.
552.4 Babysitting services.

**Wage and Hour Division, Labor** § 552.4

552.5   Casual basis.
552.6   Companionship services.

### Subpart B—Interpretations

552.99   Basis for coverage of domestic service employees.
552.100  Application of minimum wage and overtime provisions.
552.101  Domestic service employment.
552.102  Live-in domestic service employees.
552.103  Babysitting services in general.
552.104  Babysitting services performed on a casual basis.
552.105  Individuals performing babysitting services in their own homes.
552.106  Companionship services.
552.107  Yard maintenance workers.
552.108  Child labor provisions.
552.109  Third party employment.
552.110  Recordkeeping requirements.

AUTHORITY: Secs. 13(a)(15) and 13(b)(21) of the Fair Labor Standards Act, as amended (29 U.S.C. 213(a)(15), (b)(21)), 88 Stat. 62; Sec. 29(b) of the Fair Labor Standards Amendments of 1974 (Pub. L. 93–259, 88 Stat. 76), unless otherwise noted.

SOURCE: 40 FR 7405, Feb. 20, 1975, unless otherwise noted.

### Subpart A—General Regulations

#### § 552.1   Terms used in regulations.

(a) *Administrator* means the Administrator of the Wage and Hour Division, U.S. Department of Labor, or the Administrator's authorized representative.

(b) *Act* means the Fair Labor Standards Act of 1938, as amended.

#### § 552.2   Purpose and scope.

(a) This part provides necessary rules for the application of the Act to domestic service employment in accordance with the following amendments made by the Fair Labor Standards Amendments of 1974, 88 Stat. 55, *et seq.*

(b) Section 2(a) of the Act finds that the ''employment of persons in domestic service in households affects commerce.'' Section 6(f) extends the minimum wage protection under section 6(b) to employees employed as domestic service employees under either of the following circumstances:

(1) If the employee's compensation for such services from his/her employer would constitute wages under section 209(a)(6) of title II of the Social Security Act, that is, if the cash remuneration during a calendar year is not less than $1,000 in 1995, or the amount designated for subsequent years pursuant to the adjustment provision in section 3121(x) of the Internal Revenue Code of 1986; or

(2) If the employee was employed in such domestic service work by one or more employers for more than 8 hours in the aggregate in any workweek.

Section 7(l) extends generally the protection of the overtime provisions of section 7(a) to such domestic service employees. Section 13(a)(15) provides both a minimum wage and overtime exemption for ''employees employed on a casual basis in domestic service employment to provide babysitting services'' and for domestic service employees employed'' to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves.'' Section 13(b)(21) provides an overtime exemption for domestic service employees who reside in the household in which they are employed.

(c) The definitions required by section 13(a)(15) are contained in §§ 552.3, 552.4, 552.5 and 552.6.

(Sec. 29(b), 88 Stat. 76; (29 U.S.C. 206(f)); Secretary's Order No. 16–75, dated Nov. 25, 1975 (40 FR 55913), and Employment Standards Order No. 76–2, dated Feb. 23, 1976 (41 FR 9016))

[40 FR 7405, Feb. 20, 1975, as amended at 44 FR 37221, June 26, 1979; 60 FR 46767, 46768, Sept. 8, 1995]

#### § 552.3   Domestic service employment.

The term *domestic service employment* means services of a household nature performed by an employee in or about a private home (permanent or temporary). The term includes services performed by employees such as companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors, laundresses, caretakers, handymen, gardeners, home health aides, personal care aides, and chauffeurs of automobiles for family use. This listing is illustrative and not exhaustive.

[78 FR 60557, Oct. 1, 2013]

#### § 552.4   Babysitting services.

As used in section 13(a)(15) of the Act, the term *babysitting services* shall

271

mean the custodial care and protection, during any part of the 24-hour day, of infants or children in or about the private home in which the infants or young children reside. The term ''babysitting services'' does not include services relating to the care and protection of infants or children which are performed by trained personnel, such as registered, vocational, or practical nurses. While such trained personnel do not qualify as babysitters, this fact does not remove them from the category of a covered domestic service employee when employed in or about a private household.

### § 552.5 Casual basis.

As used in section 13(a)(15) of the Act, the term *casual basis*, when applied to babysitting services, shall mean employment which is irregular or intermittent, and which is not performed by an individual whose vocation is babysitting. Casual babysitting services may include the performance of some household work not related to caring for the children: *Provided, however,* That such work is incidental, *i.e.,* does not exceed 20 percent of the total hours worked on the particular babysitting assignment.

### § 552.6 Companionship services.

(a) As used in section 13(a)(15) of the Act, the term *companionship services* means the provision of fellowship and protection for an elderly person or person with an illness, injury, or disability who requires assistance in caring for himself or herself. The provision of *fellowship* means to engage the person in social, physical, and mental activities, such as conversation, reading, games, crafts, or accompanying the person on walks, on errands, to appointments, or to social events. The provision of *protection* means to be present with the person in his or her home or to accompany the person when outside of the home to monitor the person's safety and well-being.

(b) The term *companionship services* also includes the provision of care if the care is provided attendant to and in conjunction with the provision of fellowship and protection and if it does not exceed 20 percent of the total hours worked per person and per workweek. The provision of *care* means to assist the person with activities of daily living (such as dressing, grooming, feeding, bathing, toileting, and transferring) and instrumental activities of daily living, which are tasks that enable a person to live independently at home (such as meal preparation, driving, light housework, managing finances, assistance with the physical taking of medications, and arranging medical care).

(c) The term *companionship services* does not include domestic services performed primarily for the benefit of other members of the household.

(d) The term *companionship services* does not include the performance of medically related services provided for the person. The determination of whether services are medically related is based on whether the services typically require and are performed by trained personnel, such as registered nurses, licensed practical nurses, or certified nursing assistants; the determination is not based on the actual training or occupational title of the individual performing the services.

[78 FR 60557, Oct. 1, 2013]

## Subpart B—Interpretations

### § 552.99 Basis for coverage of domestic service employees.

Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93–690, pp. 21–22). The Senate Committee on Labor and Public Welfare ''took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach* v. *McClung*, 379 U.S. 294 (1964)),'' and concluded ''that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are

**Wage and Hour Division, Labor** § 552.101

protected by the Fair Labor Standards Act'' (S. Rep. 93–690, pp. 21–22).

### § 552.100 Application of minimum wage and overtime provisions.

(a)(1) Domestic service employees must receive for employment in any household a minimum wage of not less than that required by section 6(a) of the Fair Labor Standards Act.

(2) In addition, domestic service employees who work more than 40 hours in any one workweek for the same employer must be paid overtime compensation at a rate not less than one and one-half times the employee's regular rate of pay for such excess hours, unless the employee is one who resides in the employer's household. In the case of employees who reside in the household where they are employed, section 13(b)(21) of the Act provides an overtime, but not a minimum wage, exemption. See § 552.102.

(b) In meeting the wage responsibilities imposed by the Act, employers may take appropriate credit for the reasonable cost or fair value, as determined by the Administrator, of food, lodging and other facilities customarily furnished to the employee by the employer such as drugs, cosmetics, drycleaning, etc. See S. Rep. 93–690, p. 19, and section 3(m) of the Act. Credit may be taken for the reasonable cost or fair value of these facilities only when the employee's acceptance of them is voluntary and uncoerced. See regulations, part 531. Where uniforms are required by the employer, the cost of the uniforms and their care may not be included in such credit.

(c) For enforcement purposes, the Administrator will accept a credit taken by the employer of up to 37.5 percent of the statutory minimum hourly wage for a breakfast (if furnished), up to 50 percent of the statutory minimum hourly wage for a lunch (if furnished), and up to 62.5 percent of the statutory minimum hourly wage for a dinner (if furnished), which meal credits when combined do not in total exceed 150 percent of the statutory minimum hourly wage for any day. Nothing herein shall prevent employers from crediting themselves with the actual cost or fair value of furnishing meals, whichever is less, as determined in accordance with part 531 of this chapter, if such cost or fair value is different from the meal credits specified above: *Provided, however,* that employers keep, maintain and preserve (for a period of 3 years) the records on which they rely to justify such different cost figures.

(d) In the case of lodging furnished to live-in domestic service employees, the Administrator will accept a credit taken by the employer of up to seven and one-half times the statutory minimum hourly wage for each week lodging is furnished. Nothing herein shall prevent employers from crediting themselves with the actual cost or fair value of furnishing lodging, whichever is less, as determined in accordance with part 531 of this chapter, if such cost or fair value is different from the amount specified above, *provided, however,* that employers keep, maintain, and preserve (for a period of 3 years) the records on which they rely to justify such different cost figures. In determining reasonable cost or fair value, the regulations and rulings in 29 CFR part 531 are applicable.

(Sec. 29(b), 88 Stat. 76; (29 U.S.C. 206(f)); Secretary's Order No. 16–75, dated Nov. 25, 1975 (40 FR 55913), and Employment Standards Order No. 76–2, dated Feb. 23, 1976 (41 FR 9016))

[40 FR 7405, Feb. 20, 1975, as amended at 44 FR 6716, Feb. 2, 1979; 60 FR 46768, Sept. 8, 1995]

### § 552.101 Domestic service employment.

(a) The definition of *domestic service employment* contained in § 552.3 is derived from the regulations issued under the Social Security Act (20 CFR 404.1057) and from ''the generally accepted meaning'' of the term. Accordingly, the term includes persons who are frequently referred to as ''private household workers.'' See. S. Rep. 93–690, p. 20. The domestic service must be performed in or about a private home whether that home is a fixed place of abode or a temporary dwelling as in the case of an individual or family traveling on vacation. A separate and distinct dwelling maintained by an individual or a family in an apartment house, condominium or hotel may constitute a private home.

273

(b) Employees employed in dwelling places which are primarily rooming or boarding houses are not considered domestic service employees. The places where they work are not private homes but commercial or business establishments. Likewise, employees employed in connection with a business or professional service which is conducted in a home (such as a real estate, doctor's, dentist's or lawyer's office) are not domestic service employees.

(c) In determining the total hours worked, the employer must include all time the employee is required to be on the premises or on duty and all time the employee is suffered or permitted to work. Special rules for live-in domestic service employees are set forth in § 552.102.

[40 FR 7405, Feb. 20, 1975, as amended at 60 FR 46768, Sept. 8, 1995; 78 FR 60557, Oct. 1, 2013]

### § 552.102 Live-in domestic service employees.

(a) Domestic service employees who reside in the household where they are employed are entitled to the same minimum wage as domestic service employees who work by the day. However, section 13(b)(21) provides an exemption from the Act's overtime requirements for domestic service employees who reside in the household where employed. But this exemption does not excuse the employer from paying the live-in worker at the applicable minimum wage rate for all hours worked. In determining the number of hours worked by a live-in worker, the employee and the employer may exclude, by agreement between themselves, the amount of sleeping time, meal time and other periods of complete freedom from all duties when the employee may either leave the premises or stay on the premises for purely personal pursuits. For periods of free time (other than those relating to meals and sleeping) to be excluded from hours worked, the periods must be of sufficient duration to enable the employee to make effective use of the time. If the sleeping time, meal periods or other periods of free time are interrupted by a call to duty, the interruption must be counted as hours worked. See regulations part 785, § 785.23.

(b) If it is found by the parties that there is a significant deviation from the initial agreement, the parties should reach a new agreement that reflects the actual facts of the hours worked by the employee.

[40 FR 7405, Feb. 20, 1975, as amended at 78 FR 60557, Oct. 1, 2013]

### § 552.103 Babysitting services in general.

The term "babysitting services" is defined in § 552.4. Babysitting is a form of domestic service, and babysitters other than those working on a casual basis are entitled to the same benefits under the Act as other domestic service employees.

### § 552.104 Babysitting services performed on a casual basis.

(a) Employees performing babysitting services on a casual basis, as defined in § 552.5 are excluded from the minimum wage and overtime provisions of the Act. The rationale for this exclusion is that such persons are usually not dependent upon the income from rendering such services for their livelihood. Such services are often provided by (1) Teenagers during non-school hours or for a short period after completing high school but prior to entering other employment as a vocation, or (2) older persons whose main source of livelihood is from other means.

(b) Employment in babysitting services would usually be on a "casual basis," whether performed for one or more employees, if such employment by all such employers does not exceed 20 hours per week in the aggregate. Employment in excess of these hours may still be on a "casual basis" if the excessive hours of employment are without regularity or are for irregular or intermittent periods. Employment in babysitting services shall also be deemed to be on a "casual basis" (regardless of the number of weekly hours worked by the babysitter) in the case of individuals whose vocations are not domestic service who accompany families for a vacation period to take care of the children if the duration of such employment does not exceed 6 weeks.

(c) If the individual performing babysitting services on a "casual basis" devotes more than 20 percent of his or her

**Wage and Hour Division, Labor** § 552.109

time to household work during a babysitting assignment, the exemption for "babysitting services on a casual basis" does not apply during that assignment and the individual must be paid in accordance with the Act's minimum wage and overtime requirements. This does not affect the application of the exemption for previous or subsequent babysitting assignments where the 20 percent tolerance is not exceeded.

(d) Individuals who engage in babysitting as a full-time occupation are not employed on a "casual basis."

[40 FR 7405, Feb. 20, 1975, as amended at 60 FR 46768, Sept. 8, 1995]

### § 552.105 Individuals performing babysitting services in their own homes.

(a) It is clear from the legislative history that the Act's new coverage of domestic service employees is limited to those persons who perform such services in or about the private household of the employer. Accordingly, if such services are performed away from the employer's permanent, or temporary household there is no coverage under sections 6(f) and 7(l) of the Act. A typical example would be an individual who cares for the children of others in her own home. This type of operation, however, could, depending on the particular facts, qualify as a preschool or day care center and thus be covered under section 3(s)(1)(B) of the Act in which case the person providing the service would be required to comply with the applicable provisions of the Act.

(b) An individual in a local neighborhood who takes four or five children into his or her home, which is operated as a day care home, and who does not have more than one employee or whose only employees are members of that individual's immediate family is not covered by the Fair Labor Standards Act.

[40 FR 7405, Feb. 20, 1975, as amended at 60 FR 46768, Sept. 8, 1995]

### § 552.106 Companionship services.

The term "companionship services" is defined in § 552.6. Persons who provide care and protection for babies and young children who do not have illnesses, injuries, or disabilities are considered babysitters, not companions. The companion must perform the services with respect to the elderly person or person with an illness, injury, or disability and not generally to other persons. The "casual" limitation does not apply to companion services.

[78 FR 60557, Oct. 1, 2013]

### § 552.107 Yard maintenance workers.

Persons who mow lawns and perform other yard work in a neighborhood community generally provide their own equipment, set their own work schedule and occasionally hire other individuals. Such persons will be recognized as independent contractors who are not covered by the Act as domestic service employees. On the other hand, gardeners and yardmen employed primarily by one household are not usually independent contractors.

### § 552.108 Child labor provisions.

Congress made no change in section 12 as regards domestic service employees. Accordingly, the child labor provisions of the Act do not apply unless the underaged minor (a) is individually engaged in commerce or in the production of goods for commerce, or (b) is employed by an enterprise meeting the coverage tests of sections 3(r) and 3(s)(1) of the Act, or (c) is employed in or about a home where work in the production of goods for commerce is performed.

### § 552.109 Third party employment.

(a) Third party employers of employees engaged in companionship services within the meaning of § 552.6 may not avail themselves of the minimum wage and overtime exemption provided by section 13(a)(15) of the Act, even if the employee is jointly employed by the individual or member of the family or household using the services. However, the individual or member of the family or household, even if considered a joint employer, is still entitled to assert the exemption, if the employee meets all of the requirements of § 552.6.

(b) Employees who are engaged in providing babysitting services and who are employed by an employer or agency other than the family or household using their services are not employed

275

on a ''casual basis'' for purposes of the section 13(a)(15) exemption. Such employees are engaged in this occupation as a vocation.

(c) Third party employers of employees engaged in live-in domestic service employment within the meaning of § 552.102 may not avail themselves of the overtime exemption provided by section 13(b)(21) of the Act, even if the employee is jointly employed by the individual or member of the family or household using the services. However, the individual or member of the family or household, even if considered a joint employer, is still entitled to assert the exemption.

[40 FR 7405, Feb. 20, 1975, as amended at 78 FR 60557, Oct. 1, 2013]

### § 552.110 Recordkeeping requirements.

(a) The general recordkeeping regulations are found in part 516 of this chapter and they require that every employer having covered domestic service employees shall keep records which show for each such employee: (1) Name in full, (2) social security number, (3) address in full, including zip code, (4) total hours worked each week by the employee for the employer, (5) total cash wages paid each week to the employee by the employer, (6) weekly sums claimed by the employer for board, lodging or other facilities, and (7) extra pay for weekly hours worked in excess of 40 by the employee for the employer. No particular form of records is required, so long as the above information is recorded and the record is maintained and preserved for a period of 3 years.

(b) In the case of an employee who resides on the premises, the employer shall keep a copy of the agreement specified by § 552.102 and make, keep, and preserve a record showing the exact number of hours worked by the live-in domestic service employee. The provisions of § 516.2(c) of this chapter shall not apply to live-in domestic service employees.

(c) With the exception of live-in domestic service employees, where a domestic service employee works on a fixed schedule, the employer may use a schedule of daily and weekly hours that the employee normally works and either the employer or the employee may:

(1) Indicate by check marks, statement or other method that such hours were actually worked; and

(2) When more or less than the scheduled hours are worked, show the exact number of hours worked.

(d) The employer is required to maintain records of hours worked by each covered domestic service employee. However, the employer may require the domestic service employee to record the hours worked and submit such record to the employer.

(e) No records are required for casual babysitters.

[40 FR 7405, Feb. 20, 1975, as amended at 78 FR 60557, Oct. 1, 2013]

## PART 553—APPLICATION OF THE FAIR LABOR STANDARDS ACT TO EMPLOYEES OF STATE AND LOCAL GOVERNMENTS

### Subpart A—General

INTRODUCTION

Sec.
553.1　Definitions.
553.2　Purpose and scope.
553.3　Coverage—general.

SECTION 3(e)(2)(C)—EXCLUSIONS

553.10　General.
553.11　Exclusion for elected officials and their appointees.
553.12　Exclusion for employees of legislative branches.

SECTION 7(o)—COMPENSATORY TIME AND COMPENSATORY TIME OFF

553.20　Introduction.
553.21　Statutory provisions.
553.22　''FLSA compensatory time'' and ''FLSA compensatory time off''.
553.23　Agreement or understanding prior to performance of work.
553.24　''Public safety'', ''emergency response'', and ''seasonal'' activities.
553.25　Conditions for use of compensatory time (''reasonable period'', ''unduly disrupt'').
553.26　Cash overtime payments.
553.27　Payments for unused compensatory time.
553.28　Other compensatory time.

OTHER EXEMPTIONS

553.30　Occasional or sporadic employment—section 7(p)(2).
553.31　Substitution—section 7(p)(3).