**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INTRA-NATIONAL HOME CARE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF LABOR, et al.,<br><br>*Defendants.* | No. 2:20-cv-01545-WSH |
| AGEWELL HOME HELPERS, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF LABOR, et al.,<br><br>*Defendants.* | No. 2:20-cv-01773-WSH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
STATEMENT OF MATERIAL FACTS**

Plaintiffs Intra-National Home Care, LLC, and Agewell Home Helpers, Inc. ("Plaintiffs"), through counsel, hereby submit a response to Defendants' concise statement of undisputed material facts in support of their motion for summary judgment.[1]

---

[1] Most of Defendants' "material facts" are simply conclusions of law or legal background. Plaintiffs objects to this improper use of the statement of facts across the board. *Cf. Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008) ("It is inappropriate to make legal arguments in a Rule 56.1 statement of facts.").

1.      The Fair Labor Standards Act ("FLSA") generally requires covered employers to pay a minimum wage, and for hours of work exceeding 40 in a workweek, overtime compensation at a rate of one and one-half times the employee's regular rate of pay. 29 U.S.C. §§ 206(a), 207(a)(1).

**Response:** This paragraph states a conclusion of law to which no response is required. *See supra* note 1.

2.      In 1974, Congress amended the FLSA to extend the Act's minimum-wage and overtime protections to employees in "domestic service." 29 U.S.C. §§ 206(f), 207(*l*); *see* Addendum A, Fair Labor Standards Amendments of 1974, Pub. L. No. 93-259, 88 Stat. 55 (1974). At the same time, Congress exempted certain categories of domestic-service workers from the FLSA's minimum-wage and overtime requirements.

**Response:** This paragraph states a conclusion of law to which no response is required. *See supra* note 1.

3.      29 U.S.C. § 213(a)(15) provides that the FLSA's minimum-wage and overtime requirements shall not apply with respect to "any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)."

**Response:** This paragraph states a conclusion of law to which no response is required. *See supra* note 1.

4. At that time, the "vast majority" of "private household workers were employed directly by a member of [the] household," rather than by a third party. Addendum B, Emp't Standards Admin., U.S. Dep't of Labor, *Minimum Wage and Maximum Hours Standards Under the Fair Labor Standards Act* at 28 (Jan. 19, 1973).

**Response:** Plaintiffs object to this statement. First, Defendants have not certified an administrative record, so Plaintiffs cannot confirm whether this record is before the Court. Second, Defendants cite this document not to establish that a particular material fact is undisputed, but to support a legal argument based on legislative history. That is not a proper use of a statement of material facts. *See supra* note 1. Third, Plaintiffs object on the ground of relevance, hearsay, and inadmissible expert opinion. Plaintiffs, however, don't dispute that the Department of Labor document says what it says.

5. Due to changes in the home care industry, in 2013, the Department of Labor amended 29 C.F.R. § 552.109 via notice-and-comment rulemaking to provide that third-party employers of companionship-services and live-in employees may no longer "avail themselves" of the FLSA exemptions. See Addendum C, Final Rule, Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. 60,454, 60,577 (Oct. 1, 2013).

**Response:** Plaintiffs object to Defendants' statement that the 2013 rule was adopted "[d]ue to changes in the home care industry." First, Defendants' motivations are irrelevant to whether the 2013 amendment was lawful. Second, the Department of Labor adopted this new rule because the President made political promises and concluded that "we can't wait for Congress to act." The White House, Press Release, *We Can't Wait* (Dec. 15, 2011), https://perma.cc/H8EM-

3

H3QS. Plaintiffs, however, don't otherwise dispute that the judicial noticeable Department of Labor regulation says what it says.

Respectfully submitted,

Dated: January 21, 2026

/s/ Bruce C. Fox
Bruce C. Fox (PA 42576)
McCardle Booker (PA 320890)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
(412) 566-1500
bruce.fox@obermayer.com
mccardle.booker@obermayer.com


Counsel for Plaintiffs Intra-National
Home Care, LLC, and
Agewell Home Helpers, Inc.

/s/ James R. Conde
Michael B. Buschbacher (DC 1048432)
James R. Conde (DC 1031694)
BOYDEN GRAY PLLC
800 Connecticut Avenue NW
Suite 900
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com


Counsel for Plaintiff Intra-National
Home Care, LLC